IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION


KIM HIGGINS,                              )
                                          )
        Plaintiff,                        )
                                          )        NO. 2:18-cv-00047
        v.                                )        JURY DEMAND
                                          )
TRANSTAR INDUSTRIES, INC.                 )        JUDGE CRENSHAW
And DACCO, INC.,                          )        MAGISTRATE JUDGE BROWN
                                          )
        Defendants.                       )


## ORDER

A two-hour twenty-minute discovery conference was held in this matter on December 17, 2019. The morning of the conference, the parties submitted a Joint Statement of Issues Concerning Discovery Disputes along with the discovery requests and responses. A copy of the Joint Statement will be attached as an Exhibit to this Order. Unfortunately, the requests and responses are both made without regard to the requirement for proportionality in Rule 26 and the requirement the Parties cooperate in discovery. The Interrogatories and Requests for Production were submitted late in the discovery process and were for the most part not properly limited in time and were incredibly broad. Both Interrogatories and Requests for Production should be narrowly tailored to the needs of the case. Unfortunately, the responses totally ignored the requirement of Rule 33(b)(4) that objections must be stated with specificity. Unfortunately improper questions and improper objections presented to the Magistrate Judge shortly before discovery is scheduled to close present a very difficult task and undoubtedly a result that will leave both parties unsatisfied.

To the extent any of the responses have not been properly verified, the Defendant will correct that within fourteen (14) days of the entry of this Order.

To the extent the Defendant has objected on the grounds of attorney/client privilege or work product without producing a privilege log to support the withholding of such documents, those objections are stricken. From a discussion with the Parties it does not appear any material was in fact withheld because of such a privilege claim.

Addressing the Interrogatories:

Interrogatory 4 - The Defendants state they have provided the email that listed the instructions for terminating the Plaintiff. They should beef up their response as to the details of the Plaintiff's termination and whether she was escorted from the office when she was terminated.

Interrogatory 5 - This interrogatory is unnecessarily broad and the response is lacking in any useful information. The Defendants should provide the name of the individuals who made the decision to terminate the Plaintiff, briefly describe their job duties, and list their immediate supervisor.

Interrogatory 7 – The Defendant should provide any known discussions concerning the actual decision to terminate the Plaintiff and who participated in the conversations. Unfortunately this is an interrogatory served late in the discovery process that requests information about conversations taking place over two (2) years in the past. Nevertheless the Defendant provided no information whatever other than a boilerplate objection. The Defendant should provide an answer which identifies any known conversations concerning the termination of the Plaintiff along with any written record memorializing such discussions or termination decisions. To the extent the company is not aware of any such conversations the should so state. The company has noted at least two of the individuals involved with the termination of the Plaintiff are no longer with the

company.  Apparently Plaintiff's Counsel  has been in contact with them and may in fact now have better access to any conversations they may have had with the Plaintiff then the Defendants.

Interrogatory 8 – Will be limited to the time period May 2, 2017 through August 25, 2017.

Interrogatory 10 – After discussion, this interrogatory is construed as asking if the Defendant contends had the Plaintiff properly applied for FMLA on August 25, 2017 would she have been qualified for it.

Interrogatory 11 – Requests detailed information for the alleged reasons the Plaintiff was terminated.

The Defendant advises there were no formal studies and due to the passage of time there is no formal documentation.  Nevertheless the Defendants made a decision to eliminate the position because of costs. To the extent the Defendants do not have documents they should so state.  The current answer that "see the documents being produced herewith" does not answer the question of whether there are other documents.  If there are no such documents, the Defendants should clearly state that.

Interrogatory 13 – This interrogatory requests information about each and every position that was eliminated or changed in the Cookeville, Tennessee facility from January 2016 to date and requests that production of all job descriptions and job announcements posted for the same time frame.  Unfortunately the time spam is excessive and the request is not limited to the Cookeville factory or to any particular type of jobs.  The Plaintiff contends there were job postings at or about the time the Plaintiff was terminated which were removed.  The Defendant will produce job descriptions ,whether by the Union or the company, whether by physical posting or an on-line posting for the period January 1, 2017 through December 31, 2017 which were in anyway similar to the job actually performed by the Plaintiff.

Interrogatory 22 – This interrogatory requests the name and job title for individuals who performed duties at the Cookeville, Tennessee plant that were one of the Plaintiff's duties from January 1, 2016 to present. This response will be limited to the period of time from January 1, 2017 to February 28, 2018.

Interrogatory 23 – Requests any documents requested or referred to in any of the Plaintiff's Discovery requests that have been erased, lost or destroyed and if so to describe such documents and explain how the documents were erased, lost or destroyed.

The Defendant responds that two (2) of the key players Wallace and Hoctor separated from the Defendants employment prior to their notice of this litigation and their e-mails were deleted shortly after separation.

The Defendants must produce a copy of their retention and destruction policy and they need to ensure they have conducted an appropriate search for any relevant e-mails from these individuals or other individuals for documents have not been deleted and state to the extent possible what documents have been deleted due to an established policy.

The Plaintiff is of course free to take the deposition of the two terminated individuals to see if they have any retained copies of their own and they are certainly free to testify as to their recollection of any relevant conversation they had concerning the Plaintiff's termination.

To the extent the Plaintiff has a spoliation issue, that should be filed separate from this discovery dispute..

Turning now to the Request for Production of Documents:

Request for Production 1 - Produce all documents relating to any allegations in the Complaint. This is a prime example of an incredibly broad request which is not properly tailored to the needs of the case. Unfortunately in addition to a boilerplate objection the Defendant throws

in an attorney/client work product privilege without filing any sort of a log and states "see the documents being produced herewith" with no indication of what if anything, has been withheld. Frankly this leaves the undersigned confused as to what the question is and what the objection is and what documents have been or not been produced.

The Defendant has stated nothing was withheld for attorney/client or work product doctrine and they have produced the Defendants personnel, workman comp files, etc. and they are unaware of any relevant documents they have been withheld. At this point, this will have to suffice.

Request for Production 3 – Requests copies of the Plaintiffs employment and personnel files including her medical and workers' compensation files. The Defendants state they have produced these files.

Request for Production 5 – This is a request for all written policies, manuals, memos, directives, etc. which refer to 13 different broad categories. Such a request is not proportional to the needs of the case and as written would produce an incredible amount of irrelevant material at significant expense to the Defendant. The Defendant has responded it has produced the employee handbook, medical files, workers' compensation files and they Plaintiffs employment records.

At this point, the undersigned is not willing to rewrite this request for the Plaintiff.

Request for Production 6 – Is a request for all documents that refer or relate to Plaintiff from the time of Plaintiff's employment with the Defendant to the present. Again this is an incredibly broad request to which the Defendant has provided an ambiguous answer citing attorney/client privilege or work product and stating that it has provided documents relating to the Plaintiff's separation and use of leave in 2017. The Plaintiff is willing to restrict this request to August 2017 to February 2018.

The Defendant will answer this question to the extent there is such materials relating to the Plaintiff's employment and termination. The Defendant contends in essence it has produced relevant documents and they are held to that statement.

Request for Production 7 – Essentially repeats earlier requests for any and all documents related to the Plaintiff's termination. The Defendants state they have produced all such documents in their custody or control and they are held to that statement. Should it appear they have failed to turn over this requested material they will be in deep trouble with the Court and may have sanctions imposed.

Request for Production 9 – This again is a very broad request that is asking in a different for previous requests. The Defendants states it has produced the relevant documents and it is bound by its answer. Should it appear relevant documents have been withheld through an incomplete search or otherwise the Defendant again may be in deep trouble and subject to sanctions. Given they recited statements of the Defendant's local HR people, counsel might be well advised to ensure in fact complete searches were done.

Request for Production 11 – Is a similar broad request and the undersigned will decline to rewrite it or require an answer beyond what is already been required.

Request for Production 15 – Is a request for communications between the Defendant and the Plaintiff. The Defendant's again imposed an attorney/client work product privilege. That privilege is struck and the Defendant's have advised there are no such items that have not been produced that are relative to the Plaintiff's claim. The request itself did not impose a time limit or relevancy limitation. Clearly we are talking about communication at or about the time of the Plaintiffs termination which are relevant to her claims. The Defendants stand by their statement they produced the relevant documents. The Defendants certainly cannot at trial produce any

documents they have not properly disclosed to the Plaintiff in either their initial disclosures or in the various requests and interrogatories that have been propounded by the plaintiff.

Request for Production 16 – Deals with the Plaintiffs work related injury. The Defendants state they have produced all relevant documents and are not withholding any documents despite the Plaintiffs claim there is a screenshot referring to reports that might have been available to management. The Defendants need to supplement their answer to state they have not withheld any relevant documents concerning the Plaintiffs work related injuries in view of the screen shot.

Request for Production 17 – Requests materials which touch upon the Plaintiffs termination.

As before, the attorney/client work privilege objection is struck. The Defendants have stated they have produced the relevant documents after an appropriate search and they are bound by this statement. The request for "any and all other matters that are subject to complaint" is too broad to be responded to. Materials which reflect or touch upon the Plaintiffs termination from employment is sufficiently specific.

The Parties need to ensure they can properly communicate with each other about discovery matters. It is the undersigns understanding the Parties are undertaking heavy discovery this month. They are encouraged to consider the possibility of ADR when they finish this discovery since dispositive motions are due January 27, 2020.

Following the long Call on December 17, 2019 the parties today December 20, 2019 called about a further problem with a 30(b)(6) deposition. The defendant contends it is not possible to prepare a witness in the time remaining in the scheduling order (December 31, 2019) Given the rulings on the previous discovery issues above the time to complete the 30(b)(6) witness is extended to Jan. 15, 2020.

To the extent additional time is needed the parties will need to file a motion for a new trial date with full justification to Chief Judge Crenshaw.

SO, ORDERED.

/s/ Joe B. Brown_____
Joe B. Brown
United States Magistrate Judge